John P. Donohoe, J.
This motion for a protective order is granted to the extent that deposition of the defendant, Aronson on oral questions, is directed to be held in the County of Westchester, at a time and place to be agreed upon by the attorneys for the parties, and the plaintiff is directed to pay to the defendant Aronson, the necessary travel expense of attending such examination at the rate of 10 cents per mile from defendant’s home at Salem, Massachusetts, and return.
In this action arising from an automobile accident which occurred in Westchester County between the defendants Vincenzo Buffone and Abraham J. Aronson, the defendant Buffone and the plaintiff reside in New York State and the defendant Aronson resides in Salem, Massachusetts. The defendant Aron-son caused a notice of deposition on oral questions to be served upon the attorneys for the plaintiff, and plaintiff and the codefendant served a cross notice upon the defendant, Aronson’s attorneys. Defendant Aronson now seeks a protective order changing the place of examination to Salem, Massachusetts, and requiring the plaintiff and the codefendant pay the expenses of the attorneys in attending the examination.
The defendant Aronson, has not asserted a counterclaim and so does not come within the rule that he must be treated as a plaintiff, amenable to examination to the same extent as a resident. Nevertheless, the provisions of CPLR 3110 (subd. 1) render him, as a party, subject to examination in Westchester County, where this action is pending.
The case presents an anomaly. The point raised could not have come up before adoption of the CPLR, because there was no provision in the Civil Practice Act for the protective order which is the subject of this motion. Nor is there any provision in the CPLR permitting application for an order for examination before trial in the first instance, as the Civil Practice Act provided. Both of these changes in the law have come into play on this motion. The plaintiff has proceeded by notice for examination of the defendant Aronson, and that is his only recourse in the first instance. Defendant, Aronson, has moved for a protective order, as becomes his right under the new rules.
The familiar guidelines which were laid down in Cole v. Manufacturer’s Trust Co. (253 App. Div. 749) and cases which followed it, such as Pinkowitz v. California Packing Corp. (126 N. Y. S. 2d 783) and Jernberg v. Virtis Co. (17 A D 2d 892) do still have some application. It is the opinion of this court that it may, in the exercise of its discretion -and considering the circumstances, properly require either party to pay the expenses of his adversary. The general rule that the expenses of such *456 examination are to be borne by the party who seeks the examination has lost its meaning, in the light of the changes in the law, previously referred to herein. One of the parties has sought the examination and the other has sought to hold it in Massachusetts.
The defendant Aronson is amenable to the processes of this court, as a party to the action. Moreover, his application for a protective order has not shown that any unusual circumstances exist, which would result in hardship to him as the result of coming to New York State for deposition on oral questions.
Because the defendant Aronson has not interposed a counterclaim in this action, and does not stand in the shoes of a plaintiff, he is entitled to be reimbursed for his necessary travel expenses, which are hereby fixed at the sum of 10 cents per mile, for attending the place of his examination from Salem, Massachusetts, and returning.